IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Samantha Sue Reed, | : | |
| Plaintiff | : | Civil Action 2:11-cv-0876 |
| v. | : | Judge Frost |
| Berger Hospital, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Initial Screening Report and Recommendation

Plaintiff Samantha Sue Reed brings this action alleging that she received bad medical care during and following a hysterectomy. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The complaint does not satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure, that it "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." Accordingly, the Magistrate Judge **RECOMMENDS** that the complaint be dismissed

The complaint alleges that on April 12, 2010 Dr. David Goldfarb performed a

hysterectomy on Ms. Reed. Following the surgery, she has suffered multiple symptoms. These include burns on her back shoulders and arms. She could not hold her head up, and her neck would crack. Her vagina is only about an inch and a half long and will have to be surgically corrected. She has had a moldy taste in her mouth since the hysterectomy, and she is losing teeth on the right side of her mouth.

<u>Analysis</u>. The complaint fails to allege subject matter jurisdiction. Federal courts are courts of limited jurisdiction. They may only exercise subject matter jurisdiction when authorized by the Constitution or statute. Here no federal claim is pleaded. The parties appear to be all residents of Ohio; consequently, there is no diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to plead subject matter jurisdiction as required by Rule 8(a), Fed. R. Civ. P.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b),

Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel
United States Magistrate Judge
